UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

NANCY-ANN ASHENHURST,
    Plaintiff

Civ. No. 07- 10082
DISTRICT JUDGE FEIKENS
vs.     MAGISTRATE JUDGE STEVEN PEPE

27TH. DISTRICT COURT.
JUDGE RANDY KLMBACH,
KATHERINE DRUSKINAS,
DENISE THVERGE AND ATTORNEYS
    Defendants
_____/

REPORT AND RECOMMENDATION REGARDING
*IN FORMA PAUPERIS* AND STATEMENT OF A CLAIM

On January 9, 2007, Plaintiff filed what purports to be a federal civil complaint naming the above Defendants asserting in total:

COMPLAINT

Due process violations by the above defendants in the 27th DISTRICT COURT.
USC Title 18 241, 242, Title 42 1988, 1983, 1985, 1986
Title18 1984 R.I.C.O.

On January 19, 2007 this item was referred

#(1) TO DETERMINE IF THE APPLICATION TO PROCEED
IN FORMA PAUPERIS SHOULD BE GRANTED OR DENIED
AND (2) TO DETERMINE
IF THIS CASE HAS A CAUSE OF ACTION IN THIS COURT.

In *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997), the Sixth Circuit held that district courts must screen complaints from indigent non-prisoners. Moreover, "the screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The moment the complaint is filed, it is subject to review under § 1915(e)(2). The

1

complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed." *Id*. at 608-609.[1]

Under § 1915(e)(2), notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

    (A) the allegation of poverty is untrue; or

    (B) the action or appeal--
        (I) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

Dismissal of the Plaintiff's complaint under § 1915(e)(2) is warranted in this case. Because the action is filed against "above defendants in 27th District Court," including a state court judge, absolute immunity may be a relevant ground for dismissal of the complaint as to Judge Klmbach under § 1915(e)(2)(B)(iii).[2]

---

[1] The language of § 1915(e)(2) is mandatory in its use of "shall dismiss" unlike the language of its predecessor version in superceded § 1914(d). Section 1915(e)(2) is essentially identical to the early sua sponte dismissal provisions of § 1915A(b) in the Prisoner Litigation Reform Act except that § 1915A applies only to prisoners and does not contain the provision concerning the allegation of poverty. Yet, complaints by non-prisoners are subject to the screening process required § 1915(e)(2) even if the non-prisoner is not seeking waiver of prepayment of fees *McGore* 114 F.3d at 604. The language of § 1915(e)(2) does not differentiate between cases filed by prisoners and cases filed by non-prisoners

[2] If the claim involves a criminal matter, Plaintiff may be barred under *Heck v. Humphrey,* 512 U.S. 477 (1994), requiring a claimant to proceed under 28 U.S.C. § 2254 and not the civil rights statutes. If it involves an ongoing or concluded state proceeding, the claim may be barred by the abstention doctrine or the Rooker-Feldman doctrine in which only the United States Supreme Court has jurisdiction to review a state court decision. In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923), the Supreme Court, in reviewing an attempt to seek relief from a state-court judgment, stated that "no court of the United States other than this court could entertain a proceeding to reverse or modify the [state court] judgment." In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983), the Supreme Court further reaffirmed that "the United States District Court is without authority to review final determinations of the District of Columbia Court of Appeals in judicial proceedings." The doctrine prevents both a direct attack of the substance of a state court decision and a challenge to the procedures used by the state court in arriving at its decision. *Anderson v. Charter Township of Ypsilanti*, 266 F.3d 487, 493 (6th Cir.2001).

Yet, not every defendant named has a title preceding his/her name, so it is not clear if immunity would apply to all defendants. Therefore, failure of this complaint to state a claim is the appropriate legal ground on which to dismiss it with regard to all defendants. *See*, § 1915(e)(2)(B)(ii). The complaint alleges a due process violation, but fails to provide any facts or theories explaining the alleged harm.

Under the liberal federal pleading standard, Plaintiff must only give Defendants fair notice of his claims and the grounds upon which they rest. *Id.* Yet courts "are not bound by allegations that are clearly unsupported and unsupportable." *Place v. Shepherd,* 446 F.2d 1239, 1244 (6th Cir. 1971). "It is not enough for a complaint under §1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit,* 808 F.2d 459, 465 (6th Cir.1986);[3] *see also*, *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003) (stating

---

[3] *Chapman v. City of Detroit,* 808 F.2d 459, 465 (6th Cir.1986):
It is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings. *Place v. Shepherd,* 446 F.2d 1239 (6th Cir.1971). Dismissing a civil rights complaint in *Blackburn v. Fisk University,* 443 F.2d 121 (6th Cir.1971), this court found conclusory allegations of unconstitutional acts insufficient, stating:

> There are no facts alleged in support of the conclusions, and we are required to accept only well pleaded facts as true, *L'Orange v. Medical Protective Co.,* 394 F.2d 57 (6th Cir. [1968] ), not the legal conclusions that may be alleged or that may be drawn from the pleaded facts.

*Id.* at 124 (citations omitted). *Accord, Smith v. Rose,* 760 F.2d 102, 106 (6th Cir.1985).

> There is a sound reason for requiring that a civil rights action against a government official or employee state a claim in terms of facts rather than conclusions. When a government employee is sued, if no factual allegations are made, discovery and perhaps even trial may be required to demonstrate that the claim has no

that while the standard for dismissals under Rule 12(b)(6) is liberal, and *pro se* claimants are given special consideration under *Haines v. Kerner,* 404 U.S. 519 (1972), a complaint nonetheless must contain either direct or inferential allegations regarding all the material elements, which must be more than bare assertions of legal conclusions); *Spadafore v. Gardner,* 330 F.3d 849 (6th Cir. 2003) (stating that the complaint must contain more than a bare averment that the Plaintiff "wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a right of action." (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1216, at 163 (2d ed.1990)); *Russell v. Tennessee Dept. of Correction,* No. 03-6217, 2004 WL 834741 (6th Cir. April 16, 2004) ("The court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions.") (unpublished, citations omitted). *See Ana Leon T. v. Federal Reserve Bank*, 823 F.3d 928, 930 (6th Cir. 1987)(Plaintiff has made only conclusory allegations. Such allegations cannot support an equal protection claim).

Similarly for assertions that defendants were involved in a conspiracy, conclusory assertions that defendants were acting in concert do not meet the requirement that allegations of

---

> merit. Such activities require the government defendant and others such as government attorneys involved in defense of the claim to divert their attention from their usual activities and to become involved in the litigation to the neglect of their assigned duties.
>
> In *Hobson v. Wilson,* 737 F.2d 1, 29-31 (D.C.Cir.1984), the court discussed some of these considerations, stating:
>
>> Plaintiffs who fail to allege any specific facts to support a claim of unconstitutional motive cannot expect to involve Government actors in protracted discovery and trial. On receipt of such a complaint, Government defendants might move for dismissal or, alternatively, for summary judgment. Then plaintiffs must produce some factual support for their claim to avert dismissal.

a conspiracy be pled with some degree of specificity. *See Gutierrez v. Lynch,* 826 F.2d 1534, 1538 (6th Cir. 1987); *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir. 1984).

Prior to the changes in 1996, this Court used to allow a plaintiff notice of the deficiency of the complaint and an opportunity to cure the defect. *Tingler v. Marshall,* 716 F.2d 1109 (6th Cir.1983). Yet, this common sense approach was ended in 1996 with Congress' passage of the Prison Litigation Reform Act. [4]

**RECOMMENDATION**

The issue of proceeding *in forma pauperis* under 28 U.S.C. § 1915(A)(1) is separate from the conditions of proceeding with service of the complaint and continuance of the litigation under § 1915(e)(2). Thus, **IT IS RECOMMENDED** that Plaintiff's application to proceed *in forma pauperis* should **BE GRANTED.**

**IT IS FURTHER RECOMMENDED** that Plaintiff's complaint **BE DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(ii) for her failure to state a claim upon which relief may be granted.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections on or before March 16, 2007, as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific

---

[4] *McGore,* 114 F.3d at 612:
The Prison Litigation Act has overruled the procedures set forth in *Tingler v. Marshall,* 716 F.2d 1109 (6th Cir.1983). In *Tingler,* we stated that a district court may not sua sponte dismiss a plaintiff's suit unless the court first gives the plaintiff the opportunity to amend or correct the deficiencies in the complaint. *Id.* at 1111-12. Under § 1915(e)(2), a court is required to dismiss a case when the action satisfies § 1915(e)(2)(A) or § 1915(e)(2)(B). Under the Prison Litigation Act, courts have no discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal. If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should sua sponte dismiss the complaint. Section 1915A also provides for such sua sponte dismissals.

objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this report and recommendation. *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge. Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections. A party may file a reply brief within 5 days of service of a response. The reply shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.


Date: February 28, 2007                             s/Steven D. Pepe
Flint, Michigan                                     United States Magistrate Judge

CERTIFICATE OF SERVICE

      I hereby certify that on February 28, 2007, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: n/a, and I hereby certify that I have mailed United States Postal Service the paper to the following non-ECF participants: Nancy-Ann Ashenhurst, P.O. Box 757, Wyandotte, MI 48192.

      s/ James P. Peltier
      James P. Peltier
      Courtroom Deputy Clerk
      U.S. District Court
      600 Church St.
      Flint, MI 48502
      810-341-7850
      pete_peltier@mied.uscourts.gov